GALA F. MUASAU and FAUFANO F. MUASAU, Plaintiffs

v.

PASTOR PITA and CHIEFS' COUNCIL OF
OFU VILLAGE, Defendants

No. 51-1963

[Listed in original digest as No. 21-1963]

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Vaiula" in Ofu]

May 28, 1963

Faufano, Counsel for the plaintiffs.
Lolo, Counsel for the defendants.

OPINION OF THE COURT

MORROW, *Chief Justice.*

The plaintiffs filed a petition seeking the eviction of the defendants from a part of the land Vaiula in the Village of Ofu and to require them to put it in the same condition it was prior to the alleged construction of a certain palagi house thereon.

It appeared from the evidence that a pastor's house is being constructed on a portion of the land Vaiula by the Village of Ofu, the house to be occupied by the defendant Pastor Pita.

The plaintiffs claim that Vaiula was divided by plaintiff Gala's father, Muasau Peni, upon the advice of his father Muasau Taatu, the division being among four clans of the Vaiula Family. There was testimony for the defendants that there was no such division. Whether there

338

was any such division or not is immaterial as far as the decision of this case is concerned. We are satisfied from the evidence that the land on which the pastor's house is being constructed was given to the L.M.S. Church in Ofu before the Government was established in 1900 by Muasau Taatu, the grandfather of Oala and the father of Muasau Peni, or by Muasau Taatu and the Lei together, for the residence of the pastor of the L.M.S. Church in Ofu, the land to revert to the donor or donors or their heirs if and when it should cease to be used as the residence of the pastor of said church. The plaintiffs' evidence was to the effect that it was Gala's father Muasau Peni who gave the land for the pastor's house about 1912. However, as we view the case, it makes no difference whether the land was given by Muasau Peni about 1912 or Muasau Taatu himself or by Muasau Taatu and the Lei before 1900. The result is the same. We might point out the High Talking Chief Lei testified that the Lei contributed part of the land for the pastor's house, the remainder being given by the Muasau. The Lei is not complaining. He favors the construction as planned. The vital question in this case is whether the pastor's house is being constructed within the area given.

The plaintiffs complain that the long palagi house for the pastor is being constructed about eight feet longer and seven feet wider than the house it replaces. They complain also that the sleeping house already built for the pastor has slightly different dimensions from those approved by the Governor, as shown on the blue print for the house. See Sec. 18.0101 of the Code of 1961.

The evidence clearly established that the L.M.S. Church in Ofu was built on ground given by the Muasau many years before the establishment of the Government. The understanding being that if and when the land should cease to be used for a church, it would revert to the donor

339

or his heirs. This is what is known in the law as the grant of a determinable fee.

■ The evidence clearly established that the pastor's house is being constructed within the area given by either Muasau Peni, as claimed by the plaintiffs, or by Muasau Taatu and the Lei, as claimed by the defendants. It makes no difference that the long house for the pastor, when completed, will be approximately eight feet longer and seven feet wider than the house it replaces, so long as the new house is within the area given for the pastor's house, as the weight of the evidence clearly establishes that it is. Lei, Muasau, and Misa so testified, and we believe their testimony.

■ That the sleeping house may have been built with slightly different dimensions than those approved by the Governor, as shown on the blue print for it, is immaterial as far as the plaintiffs are concerned, it being built within the area given for the pastor's house. While the Government may complain about the deviation from the dimensions, the plaintiffs cannot so long as the sleeping house is within the area given for the pastor's house, as it is. See in this connection Sec. 17.0106 of the Code of 1961.

■ The fact that the Village Council may have approved of the buildings being constructed as they are is also immaterial as far as the plaintiffs are concerned. And the fact that the village may be furnishing money and labor for their construction is also no concern of the plaintiffs, the buildings constructed and under construction for the pastor being within the area given many years ago by the then Muasau, or the Muasau and Lei together, as the case may have been.

■ It is also immaterial that the name of the church has been changed from L.M.S. to Congregational Christian Church in Samoa. The congregation is the same and their

340

religion is the same as it was before the change of name. Merely changing a man's name does not make him a different man. And changing the name of a church does not make it a different church.

There is no ground revealed in the evidence warranting an order requiring the eviction of the defendants and the restoration of the land involved to the condition it was before the "palagi house" complained about by the plaintiffs was begun. The pastor's house is being constructed within the area given for such house. That is the decisive fact in this case. The plaintiffs' petition should be dismissed.

### ORDER

Accordingly, it is ORDERED that the plaintiffs' petition be and the same is hereby dismissed.

Costs in the sum of $18.50 are hereby assessed against Gala F. Muasau and Faufano F. Muasau, each of them to pay $9.25 thereof within 30 days.